# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| 2023 BENNING ROAD, LLC | : | Case No. 17-00037 |
| | : | Chapter 11 |
| Debtors. | : | |
| _____ | : | |
| | : | |
| 2023 BR HOLDINGS LLC | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | |
| | : | |
| 2023 BENNING ROAD, LLC | : | |
| | : | |
| Respondent(s). | : | |

## MOTION SEEKING RELIEF FROM THE AUTOMATIC STAY AS TO THE REAL PROPERTY LOCATED AT 2023-2025 BENNING ROAD, NE, WASHINGTON, DC

2023 BR Holdings LLC ("Movant"), by its undersigned counsel, Offit Kurman, P.A., pursuant to 11 U.S.C. § 362(d)(1) (2) & (3), files this Motion Seeking Relief from the Automatic Stay of 11 U.S.C. § 362(a) against the Debtor, 2023 Benning Road, LLC ("Debtor"), as to the loan documents securing real property of the Debtor (the "Motion"). In support of the Motion, Movant states as follows:

**I.  JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G), and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.     STATEMENT OF FACTS

### A.     Description of the Real Property

1. Debtor acquired real property known as 2023-2025 Benning Road, NE, Washington, DC, on or about April 17, 2014, for a purchase price of $825,000.00 (the "Property"). The Property is unimproved real property.

2. The District of Columbia, through its Office of Tax and Revenue's (OTR) Real Property Tax Administration assessed the value of the Property through 2017 to be $897,460.00 (the "2017 Assessment Value"). *See* **Exhibit 1**.

### B.     Loan Documents Securing Real Property

3. On October 28, 2014, Debtor executed a Deed of Trust Note (the "Note") pursuant to which it agreed to pay to the order of City First Bank of D.C., N.A. ("City First"), the principal sum of One Million Nine Hundred Sixty-One Thousand Two Hundred Fifty and No/100 Dollars ($1,961.250.00) (the "Loan"). *See* **Exhibit 2**.

4. On October 28, 2014, Warren C. Williams, Jr., (the "Guarantor") in his individual capacity, executed a Guarantee Agreement (the "Guaranty") in favor of and for the benefit of City First. *See* **Exhibit 3**.

5. On December 9, 2016, pursuant to an Assignment of Loan Documents ("Assignment"), City First assigned all of its right, title and interest in the Note and Guaranty to Movant. *See* **Exhibit 4**.

*See* **Exhibits 2-4**, collectively described as the "Loan Documents."

### C.     Default on Loan

6. On or about October 28, 2015, Debtor defaulted on the loan when failing to pay all amounts due under the Note and Guaranty.

7. On December 23 and 28, 2015, City First sent Notices of Event of Default and Acceleration and Reservation of Rights ("Notices of Default") to Debtor and Guarantor notifying each that the Note and Guaranty were in default. *See* **Exhibit 5**.

8. On or about January 25, 2017, Debtor filed a Petition under Chapter 11 of the Bankruptcy Code (the "Bankruptcy Case").

9. On or about February 2, 2017, Movant filed a Complaint against Guarantor in the United States District Court for the District of Maryland, Case No. Case No. 8:17-CV-00320 ("Guaranty Complaint"), alleging breach of the Guaranty and seeking damages in the amount of One Million Three Hundred Fifty Thousand Four Hundred Seven and 35/100 ($1,350,407.35). *See* **Exhibit 6**. To date, this case is still pending.

### E. Amount Due Movant

10. Plaintiff 2023 B.R. Holdings LLC ("Plaintiff" or "2023 BR"), discloses as follows with respect to the amount of damages claimed:

> $1,311,688.47 in principal, interest, late fees and legal fees as of February 1, 2017
> $3,480 in foreclosure advertising fees
> $75.52 in recording fees
> $27.29 in mailing costs
> $250 for title search
> $2,500 for attorney's fees associated with the foreclosure
> $32,416.36 as a Trustee's fee pursuant to Section 10.3 of the Note

**Total: $1,350,407.35.00**\* (increasing by $295.47 interest per day after February 1, 2017). *See* **Exhibit 7** (Verified Statement of Loan Balance).

11. Interest continues to accrue pursuant to the terms of the Loan Documents at the rate of $295.47 *per diem*, which *per diem* rate is subject to fluctuation as the applicable interest rate fluctuates. The Note also provides for the assessment of attorney's fees for the collection of the amounts due the Movant resulting from the default.

### III. GRANTING RELIEF FROM STAY PER 11 U.S.C. § 362(d)(1)

12. Pursuant to Section 362(d)(1) of the Bankruptcy Code:

   On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subjection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

   (1)   for cause, including the lack of adequate protection of an Interest in property of such party in interest.

13. What constitutes "cause" for the purposes of a motion for relief from the automatic stay should be considered in light of the totality of the circumstances and on a case-by case basis. *In re Robert Frank-Leonard Wilson*, 116 F.3d 87, 90 (3d Cir. 1997).

14. The factors considered by courts in determining whether cause exists include (i) any prejudice to the debtor or other creditors; (ii) the hardship to the moving party if no relief is granted; and (iii) the probability of success on the merits. *See In re Stone Resources, Inc.*, 448 B.R. 361, (Bankr. E.D. Pa. 2011); *see also In re Continental Airlines*, *152* B.R. 420, 424 (D. Del. 1992); *In re Rexene Prods. Co*., 141 B.R. *574,* 576 (Bankr. D. Del. 1992).

15. In this case, the balance of the harm weighs heavily in favor of granting stay relief to Movant.

16. Prior to the filing of the Bankruptcy Case, the Debtor has been in a continuing default under the Loan Documents based upon Debtor's failure to make payments on the Note when due and Debtor's impairment of Movant's interest in the Property as collateral for the Loan.

17. The Loan balance as of February 1, 2017, totaling $1,350,407.35, exceeds the 2017 Assessment Value of $897,460.00, and interest continues to accrue on the Loan at the rate of $295.47 *per diem*, which *per diem* rate is subject to fluctuation as the applicable interest rate

fluctuates. The Note also provides for the assessment of attorney's fees for the collection of the amounts due the Bank for the Loan.

18. The Debtor's failure to make payments to Movant and lack of equity constitutes "cause" for lifting the automatic stay within the meaning of 11 U.S.C. § 362 (d)(1).

### IV.     GRANTING RELIEF FROM STAY PER 11 U.S.C. § 362(d)(2)

19. Pursuant to Section 362(d)(2) of the Bankruptcy Code:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subjection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if
>
> A. the debtor does not have any equity in such property; and
>
> B. such property is not necessary to an effective reorganization;

20. The Debtor has no equity in the Property because the February 1, 2017 Loan Balance totaling $1,350,407.35, exceeds the February 2017 Assessment Value of $897,460.00, and interest continues to accrue on the Loan at the rate of $295.47 *per diem*, which *per diem* rate is subject to fluctuation as the applicable interest rate fluctuates. The Note also provides for the assessment of attorney's fees for the collection of the amounts due the Bank for the Loan.

21. Per the Debtor's Bankruptcy Schedules, there is no dispute that the Property (other than one bank account holding $100.00) is the sole asset of the Debtor. The Property is not income producing. The Debtor has no other source of income and is therefore incapable of submitting a plan that is subject to confirmation by this court.

22. The lack of equity and the inability to submit a confirmable plan of reorganization is grounds for granting relief from the automatic stay pursuant to 11 U.S.C. § 362 (d)(2).

## V. GRANTING RELIEF FROM STAY PER 11 U.S.C. § 362(d)(3)

23. Pursuant to Section 362(d)(3) of the Bankruptcy Code:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subjection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court my determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later –
>
> A. the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or
>
> B. the debtor has commenced monthly payments that –
>
> i. may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and
>
> ii. are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate.

24. The Debtor has filed a single asset real estate case as defined in 11 U.S.C § 101(51B) and is subject the provisions of 11 U.S.C. § 362(d)(3).

25. To date, the Debtor has not filed a plan of reorganization and its non-income producing Property prevents the Debtor from proposing a plan of reorganization that is subject to confirmation by this court.

26. Based upon a non-default *per diem* interest rate of $295.47, the Debtor would be required to make payments to Movant in the amount of $8,987.21 per month.

27. Debtor has failed to make any payments to Movant and is incapable of making payments to Movant due to a lack of income from the Property being vacant.

28. The Debtor has no prospect of reorganization and the longer the Debtor is permitted to operate and sustain substantial losses, the greater the risk to Movant that it will not be adequately protected and will incur ever-increasing losses. *See In re Park Timbers, Inc.*, 58 B.R. 647 (Bankr. D. Del. 1985) (finding no prospect for reorganization where the debtor tenant had no equity in the property, no funds to service its debt and its only prospect for reorganization was the sale of the property).

29. Because the Debtor has made no payments to Movant, has no equity in its Property and no prospect of reorganization, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(3) to pursue its rights under the Loan Documents and all of its other rights and remedies under applicable state law.

WHEREFORE, the Movants respectfully request that this Honorable Court enter an Order as follows:

A. Granting 2023 BR Holdings LLC relief from the automatic stay to bring an action or to enforce, by non-bankruptcy procedures, its rights as a secured creditor under the Note; and

B. Granting such other relief as this Honorable Court deems just and proper.

Date: June 21, 2017  Respectfully submitted,

*/s/ Edward J. Tolchin*
Edward J. Tolchin, Bar No. 05525
OFFIT |KURMAN, P.A.
4800 Montgomery Lane, 9th Floor
Bethesda, MD 20814
O (240) 507-1700
F (240) 507-1735
etolchin@offitkurman.com
*Counsel for Movant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of June, 2017, a copy of the Motion for Relief was served via electronic filing with the Court to those persons receiving ECF notice

A copy was also sent via first-class mail to:

| | | |
|---|---|---|
| E. Barrett Prettyman<br>US Courthouse<br>333 Constitution Avenue, NW<br>#1225<br>Washington, DC 20001-2802 | 2023 Benning Road, LLC<br>5335 Wisconsin Avenue, NW<br>Suite 440<br>Washington, DC 20015-2079 | US Trustee for Region Four<br>US Trustee's Office<br>115 South Union Street<br>Suite 210 Plaza Level<br>Alexandria, VA 22314-3317 |
| DC Office of Tax and Revenue<br>Compliance Administration<br>Collection Division<br>Fourth Floor<br>1101 4th Street, SW<br>Washington, DC 20024 | DBT Capital, LLC<br>Attn: Greg Baltz<br>400 7th Street, SE<br>Washington, DC 20003-2707 | Eric Bock, Esquire<br>Suite 640<br>5335 Wisconsin Avenue, NW<br>Washington, DC 20015-2054 |
| (p) Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Office of the Attorney General<br>Tax, Bankruptcy and Finance<br>One Judiciary Square<br>5th Floor, 441 4th Street, NW<br>Washington, DC 20001 |
| The Warrenton Group<br>Attn: Gianna Hylton<br>Suite 400<br>5335 Wisconsin Avenue, NW<br>Washington, DC 20015-2077 | Warren Williams, Jr.<br>Suite 400<br>5335 Wisconsin Avenue, NW<br>Washington, DC 20015-2077 | Jeffrey C. Tuckfelt<br>1300 Pennsylvania Avenue, NW<br>Suite 700<br>Washington, DC 20004-3024 |

*/s/ Edward J. Tolchin*
Edward J. Tolchin, Bar No. 05525

4836-4551-3032, v. 1